UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
DELONTE EMILIANO TRAZELL, )
)
        Plaintiff, )
)
v. ) Civil Action No. 12-01369 (ABJ)
)
ROBERT G. WILMERS, *et al.*, )
)
        Defendants. )
)

**MEMORANDUM OPINION**

Pending before the Court is Plaintiff Delonte Emiliano Trazell's Motion for Reconsideration under Fed. R. Civ. P. 59(e), which asks this Court to reconsider its order granting in part defendants' motion to dismiss plaintiff's Treaty of Watertown, 18 U.S.C. § 1341 ("mail fraud"), and D.C. Municipal Regulation title 16, §§ 341.1, 341.3 claims and denying plaintiff's motion for summary judgment. *See* October 11, 2013 Order [Dkt. # 24]. Also pending before the Court is the question whether, in light of the order dismissing all of plaintiff's claims except for two claims based on D.C. law, the Court has continuing subject-matter jurisdiction over this case. For the following reasons, the Court will deny the motion to reconsider and will dismiss this case for lack of subject-matter jurisdiction.

**I.    The Court will deny plaintiff's motion for reconsideration.**

Motions for reconsideration are committed to the sound discretion of the trial court and need not be granted "unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citations and

internal quotation marks omitted). "A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), nor is it a means to raise new issues or to present new theories or arguments that could have been advanced during the course of litigation, *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).

Here, plaintiff fails to state any basis for reconsideration of this Court's decision to dismiss his Treaty of Watertown, mail fraud, and D.C. Municipal Regulation title 16, §§ 341.1, 341.3 claims.[1] He does not alert the Court to any new controlling law or provide evidence that was not available prior to the Court's decision in this case. *See* Pl.'s Mot. for Recons. at 1–3 [Dkt. # 27]. Moreover, there is no need to grant his motion to reconsider in order to correct a clear error or prevent a manifest injustice. Although plaintiff provides the Court with additional facts in support of some of his claims, none of the facts – even assuming they were not available when the Court ruled on defendants' motion to dismiss – would alter the ultimate conclusion that plaintiff failed to state a claim upon which relief may be granted for a violation of the Treaty of Watertown, the mail fraud statute, and section 341.1 and 341.3 of the D.C. Municipal Regulations. To support his Treaty of Watertown claim, plaintiff provides the Court with more history regarding his aboriginal heritage. *See id.* at 2–3. This history, however, once again fails to show that plaintiff is a member of a Native American nation that signed the Treaty of Watertown and therefore fails to demonstrate that he has rights under that treaty. Likewise, plaintiff's additional statement that defendants sent him notice that his MT&T checking account

---

1  Plaintiff also asks this Court to reconsider its decision regarding D.C. Municipal Regulation title 16, § 341.5. The Court, however, did not dismiss that claim when ruling on defendants' motion to dismiss because the Court found that plaintiff successfully stated sufficient facts to state a claim upon which relief might be granted. Consequently, the Court assumes plaintiff erred in listing that provision and that he does not wish the Court to reconsider its ruling with regard to that claim.

had a negative balance and that the "negative balance [was] caused by several non-consensual MT & T checking account . . . debits" is not sufficient to state a claim that defendants violated the mail fraud statute. *Id.* at 3. Just because a transaction is "non-consensual" does not automatically mean that it is a product of fraud nor does it automatically mean that defendants' were responsible for any alleged fraud. Finally, plaintiff does not attempt to provide any additional facts in support of his dismissed D.C. Municipal Regulation claims. Therefore, the Court will not reconsider its decision to dismiss plaintiff's Treaty of Watertown, mail fraud, and D.C. Municipal Regulation §§ 341.1, 341.3 claims.

Plaintiff also appears to assert a new claim in his motion for reconsideration: a violation of 18 U.S.C. § 1091, which criminalizes genocide. *Id.* at 1. To the extent that plaintiff is seeking to amend his complaint to add a new claim, he has not accompanied the instant motion with "an original of the proposed pleading as amended" and therefore fails to comply with Local Rule 7(i). Moreover, even if plaintiff properly sought to amend his complaint, that amendment would be denied as futile because there is no set of facts in this case that would support a finding that plaintiff is a victim of genocide, let alone that defendants committed genocide by repossessing plaintiff's vehicle. Therefore, the Court will deny plaintiff's motion for reconsideration in its entirety.[2]

---

2    Plaintiff does not explicitly ask the Court to reconsider its decision to dismiss his claim under UN Resolution 61/295, but he does devote substantial attention to that provision in his motion for reconsideration, quoting the resolution and defining the word "resource" for the Court. Pl.'s Mot. to Recons. at 1–2. Even if the Court liberally construes these arguments as a request for the Court to reconsider its earlier decision, however, that request would be denied. Plaintiff does not provide this Court with any new information that was not already stated in his complaint and prior pleadings nor does he raise any new facts that would arguably support a claim under UN Resolution 61/295.

## II. The Court lacks subject-matter jurisdiction over plaintiff's remaining D.C. law claims.

Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Instead, there must either be a federal question in the case, giving rise to jurisdiction under 28 U.S.C. § 1331, or there must be diversity jurisdiction under 28 U.S.C. § 1332.

Here, there is no argument that there is federal question jurisdiction in this case because plaintiff's only remaining claims are based on D.C. law and therefore do not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Consequently, in order for the Court to have continuing jurisdiction over plaintiff's remaining D.C. law claims, the parties must be completely diverse and the amount in controversy, alleged in good faith, must exceed $75,000. 28 U.S.C. § 1332. Although the parties are completely diverse and thus meet the first requirement of diversity jurisdiction, the Court finds that the amount in controversy does not exceed the statutory threshold. Diversity jurisdiction is therefore not present in this case.

When considering whether the amount in controversy is alleged in good faith and exceeds the jurisdictional threshold, the Court must be "very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction." *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993). The required level of confidence is present when it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount," or that "plaintiff cannot recover the amount claimed." *Id.* at 16–17, quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (internal quotation marks omitted). Once the stated amount in controversy is challenged, "the party asserting jurisdiction . . . bears the burden of establishing the amount in controversy." *Id.* at 17.

Here, plaintiff invokes the jurisdiction of this Court and therefore bears the burden of establishing that the amount in controversy – with respect to his claim that defendants' unlawfully repossessed his vehicle without a valid security interest and that they allegedly failed to keep the vehicle in the District of Columbia for fifteen days after repossession – exceeds the $75,000 statutory threshold. Plaintiff, however, has not met that burden. Not only did plaintiff fail to follow this Court's direct order to file a supplemental brief regarding the Court's continuing subject-matter jurisdiction in this case, *see* October 11, 2013 Order, he also failed to provide the Court with any evidence in his original pleadings to show that he could possibly recover $115,000 based on an unlawful repossession claim. Consequently, the Court cannot find that plaintiff's alleged amount in controversy was made in good faith.

Moreover, even if plaintiff had proffered evidence in support of jurisdiction, the Court would still find that he cannot, in good faith, state a claim in excess of the $75,000 statutory threshold. D.C. law governing consumer remedies limits plaintiff's recovery to "the amount financed, plus any down payment or required deposit balance, and the amount of all

precomputed or precomputable finance charge, including any prepaid finance charge." D.C. Code § 28-3813 (2001); see also D.C. Mun. Reg. tit. 16, § 346 (2013).[3] Applying that measure to this case, defendants assert that, at most, plaintiff could recover $42,707.52 if he was successful on his claims. Defs.' Supplemental Mem. at 4 [Dkt. # 26]. Using the same standard, the Court agrees with defendants' conclusion and finds – to a legal certainty – that plaintiff's maximum potential damages in this case fall well below the $75,000 jurisdictional threshold. Consequently, the Court does not have subject-matter jurisdiction over plaintiff's remaining D.C. law claims and will therefore dismiss the remaining claims pursuant to Federal Rule of Civil Procedure 12(b)(1).

## CONCLUSION

For the reasons stated above, the Court will deny plaintiff's motion to reconsider its October 10, 2013 ruling and will dismiss plaintiff's remaining D.C. law claims for lack of subject-matter jurisdiction. A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: November 7, 2013

---

[3] Although section 346 of the D.C. Municipal Regulations permits recovery under other provisions of D.C. law, the Court is not aware of any other statutory remedies that plaintiff is entitled to recover under nor has plaintiff brought any statutes to the Court's attention. Additionally, "[i]t is elementary that damages for the same injury may be recovered only once, even though recoverable under two theories or for two wrongs." *Franklin Inv. Co. v. Smith*, 383 A.2d 355, 358 (D.C. 1978). Therefore, the Court is satisfied that plaintiff cannot, in good faith, allege an amount in controversy in excess of $75,000.